IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 04-1575C |
| | ) | Judge Wheeler |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Proposed Finding of Uncontroverted Fact**

1. The plaintiffs are current or former employees of the defendant United States Government employed as fire fighters by the United States Department of Navy. Defendant's Answer, ¶1.

2. Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, 5504, 8331, 8401 and the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

3. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer."

4. The fire fighters working on San Clemente Island, including the plaintiffs, since March 15, 1998, have worked regular and recurring work schedule that consists of seven consecutive 24-hour days followed by seven days off. Their workday is 24 hours. The plaintiffs' work schedule results in a 168-

hour work week and 168 hours worked in a biweekly pay period. Plaintiffs' First Amended Complaint, ¶ 8; Defendant's Answer, ¶8, 11; Henning Declaration, ¶ 2, 3. See e.g., Exhibit 1, Request for SF-53; Exhibit 2, SCI 7/7 Work Schedule.

5 Prior to March 15, 1998, the SCI fire fighters worked a 6/8 and 3/4 work schedule which was a 144 hour tour of duty. See Exhibit 3, 4. See e.g., Exhibit 5. Michael Henning Employee History Report, Jan. 1, 1998 to March 14, 1998 (144 Regular Tour of Duty for Basic Pay computations, regular and recurring six 24 hour shifts or leave each pay period, compensation for 6 days Offshore Allowance (indicated by the code YN) ).[1]

6. The Government implemented the 168 hour tour of duty on March 15, 1998. See Exhibit 1, 3, 4.

7. The plaintiffs have worked a 168 hour work week/168 hour biweekly pay period since March 15, 1998. See Exhibit 1, 3, 4; Henning Declaration, ¶2, 3. See also, Exhibit 6 (plaintiff Henning's Employee History Report, March 15, 1998 to June 15, 2002) [2] ; Henning Leave and Earning Statements, Exhibit 17.[3]

8. Since March 15, 1998, the fire fighters are scheduled, in advance, to work a 7 day, 168 hour tour of duty. Henning Declaration, ¶3. See e.g. Exhibit 2.

---

[1] The plaintiffs have similar employee history records for all of the plaintiffs, and have submitted one as an example.
[2] Id.
[3] These are a sample of LES statements.

9. Although the Government implemented a 168 hour work schedule/tour of duty on March 15, 1998, due to bureaucratic inertia and delay, the government did not compensate and calculate leave and benefits using a 168 hour tour of duty until December 2003. See Exhibit 1, 7, 8, 9, 10, 11, 12, 18; Greely Depo., pp 71-72, 105-106.

10. The Government was aware of the fire fighters' concerns regarding basic pay computations and Offshore Allowance payments. See Henning Declaration ¶ 7; Exhibits 18, 11, 12.

11. Plaintiffs work on San Clemente Island, which is an island located 55 nautical miles (nm) south of Long Beach and 68 nm west of San Diego. See Defendant's Answer, ¶9.

12. The Government has designated San Clemente Island as a Remote Worksite. It is remote from established communities or suitable places of residence. Plaintiffs are transported to and from San Clemente Island by air. Working on San Clemente Island requires an appreciable degree of hardship and inconvenience beyond that normally encountered in metropolitan commuting to and from their residence and worksite. The plaintiffs are entitled and are paid an allowance as specified in 5 U.S.C. §5942. Greely Deposition, pp. 25-27; Henning Declaration, ¶9.

13. Between March 15, 1998 and December, 2003, the Government compensated the fire fighters with an Offshore Allowance for only 6 days each

pay period, even though the fire fighters worked seven days each pay period. See Greely Depo. 49 -50, 85; Henning Declaration ¶ 4; Exhibits 6, 17, 20.

14. Between March 15, 1998 and December, 2003, the government utilized a 144 hour tour of duty to calculate the plaintiff fire fighters' "basic pay," defined at 5 C.F.R. §550.1303; 1305. See Henning Declaration ¶ 5; Exhibit 6; Greely Depo, 86-88.

15. While the SCI fire fighters worked a 7 day, 168 hour schedule, the government used a 144 hour tour of duty to calculate basic pay and pay Offshore Allowance. While the actual pay remains the same, the accrual of annual and sick leave, the Offshore Allowance, income subject to retirement, Retirement Deductions, income subject to Thrift Savings Plan, and Thrift Savings Plan deductions all increase under a 168 hour tour of duty. See e.g., Exhibit 19 (demonstrating the difference in plaintiff Henning's calculations between a 144 hour tour of duty and a 168 hour tour of duty).

16. Between March 15, 1998 and December, 2003, the government calculated and disbursed the plaintiff fire fighters' annual leave using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

17. Between March 15, 1998 and December, 2003, the government calculated and disbursed the plaintiff fire fighters' sick leave using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

18. Between March 15, 1998 and December, 2003, the government calculated and disbursed the plaintiff fire fighters' retirement benefits using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

19. Between March 15, 1998 and December, 2003, the government calculated and contributed the plaintiff fire fighters' thrift savings plan using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

20. Between March 15, 1998 and December 2003, the government did not compensate fire fighters for the seventh day of the tour of duty if the fire fighter requested to use leave. See Henning Declaration ¶6.

21. The government does not include the Offshore Allowance in the plaintiff fire fighters' regular rate of pay for overtime. See Exhibit 6, 17, Greely Depo. 79.

Dated: November 3, 2006 ____s/David Ricksecker___

David Ricksecker
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel