APR 07 2005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY T. AGEE et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1575C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiffs, Timothy T. Agee et al., defendant, the United States, admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1. The allegations contained in the second sentence of paragraph 1 constitute plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitutes conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegation in paragraph 3 that Michael Henning currently is employed as a fire fighter at San

Clemente Island and denies the allegation that Mr. Henning is a resident of Chula Vista, California for lack of knowledge or information sufficient to form a belief as to its truth.

4. Admits the allegations in the first sentence of paragraph 4 that additional persons who are plaintiffs in this action are employed by the Department of Defense at San Clemente Island; the remaining allegations in the first sentence of paragraph 4 constitute plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations in the second and third sentences of paragraph 4 to the extent supported by the documents cited, which are the best evidence of their contents.

5. Denies the allegation contained in the first sentence of paragraph 5 that Richard LeClair is deceased for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in the second sentence that Mr. LeClair has been employed by the Department of Defense. Admits the allegation in the third sentence of paragraph 5 to the extent supported by the document cited, which is the best evidence of their contents

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in the first sentence of paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 6.

8. Admits the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9.

10. Denies the allegations contained in the first, second, and third sentences of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the fourth and fifth sentences of paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 that, beginning in March 1998, plaintiffs were scheduled to work seven consecutive 24-hour days, followed by seven days off during each pay period.

12. Denies.

13. Denies.

14. Denies.

15. Denies.

16. Defendant repeats and incorporates its responses to paragraphs 1 through 15.

17. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Denies.

19. Denies.

20. Admits the allegations contained in the first sentence of paragraph 20 that certain employment records regarding the plaintiffs are in the possession, custody, and control of defendant. Denies the allegation in the first sentence of paragraph 20 that defendant's possession, custody, and control of these records is exclusive. The allegations contained in the second sentence of paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Defendant repeats and incorporates its responses to paragraphs 1 through 20.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 that plaintiffs have worked hours in excess of 40 hours per week. The remaining allegations contained in paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies the allegations contained in paragraph 24 that plaintiffs have been paid incorrectly for time worked, including overtime. The remaining allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Denies the allegations contained in paragraph 25 that defendant has refused to provide overtime pay to plaintiffs. The remaining allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Denies.

27. Admits the allegation contained in the first sentence of paragraph 27 that certain employment records regarding the plaintiffs are in the possession, custody, and control of defendant. Denies the allegation in the first sentence of paragraph 27 that defendant's possession, custody, and control of these records is exclusive. The allegations contained in the second sentence of paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Defendant repeats and incorporates its responses to paragraphs 1 through 27.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies.

31. Denies.

32. The allegations contained in the first sentence of paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 32.

33. Denies.

34. The allegations contained in the first sentence of paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 33.

35. Denies.

36. Denies the allegations contained in the first sentence of paragraph 36. Admits the allegation contained in the second sentence of paragraph 36 that certain employment records regarding the plaintiffs are in the possession, custody, and control of defendant. Denies the allegation in the second sentence of paragraph 36 that defendant's possession, custody, and control of these records is exclusive. The allegations contained in the third sentence of paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Defendant repeats and incorporates its responses to paragraphs 1 through 36.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies.

40. Denies.

41. Denies the allegations contained in the first sentence of paragraph 40. Admits the allegation contained in the second sentence of paragraph 40 that certain employment records regarding the plaintiffs are in the possession, custody, and control of defendant. Denies the allegation in the second sentence of paragraph 40 that defendant's possession, custody, and control of these records is exclusive. The allegations contained in the third sentence of paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Defendant repeats and incorporates its responses to paragraphs 1 through 41.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. Denies.

45. Denies.

46. Denies the allegations contained in the first sentence of paragraph 46. Admits the allegation contained in the second sentence of paragraph 46 that certain employment

records regarding the plaintiffs are in the possession, custody, and control of defendant. Denies the allegation in the second sentence of paragraph 46 that defendant's possession, custody, and control of these records is exclusive. The allegations contained in the third sentence of paragraph 46 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. Denies that plaintiffs are entitled to the relief set forth, or to any relief whatsoever.

48. Denies each and every allegation not previously admitted or otherwise denied.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

TODD M. HUGHES
Assistant Director

PAUL R. WELLONS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele.: (202) 616-8253
Fax: (202) 307-0972

Attorneys for Respondent

April 1, 2005

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 1st day of April, I caused to be served by United States mail (first-class mail, postage prepaid) copies of "RESPONSE TO COMPLAINT" addressed as follows:

David Ricksecker
Woodley & McGillivary
1125 15th Street, NW
Suite 400
Washington, DC 20005

D. Moore