IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | CASE NO: 04-1575C<br>Judge Wheeler |

**DECLARATION OF MICHAEL HENNING**

Pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that the following is true and correct:

1. I am a fire fighter employed by the Department of Navy and work on San Clemente Island (SCI).

2. I, along with the other fire fighters working on SCI have worked a 7 day, 168 hour work schedule since March 15, 1998.

3. Since March 15, 1998, the SCI fire fighters have been scheduled, in advance on a written schedule kept by the Government, to work seven consecutive days every two weeks.

4. From March 15, 1998 to December 2003, we were only compensated an offshore allowance for six days, even though we worked seven days on SCI.

5. From March 15, 1998 to December 2003, our annual leave, sick leave, retirement benefits and Thrift Savings Plan contributions were computed using a 144 hour tour of duty.

6. Between March 15, 1998 and December 2003, if we requested to use leave on the seventh day of the 168 hour tour of duty, we were not compensated for that day. Currently, if we take the seventh day off using leave, we are compensated for that day as paid leave.

7. I notified numerous individuals in the government regarding my concerns regarding how the fire fighters on SCI were being compensated and accruing other benefits from March 1998 to the filing of the present lawsuit.

8. In December 2003, when the government began utilizing the 168 hour tour of duty to calculate the Offshore Allowance, paid leave for the seventh day off, and in calculating my basic pay for thrift savings plan, retirement, annual leave and sick leave, nothing about my work schedule actually changed. We continued working the same 7 day, 168 work schedule we had been working since March 15, 1998, with the exception that we used to work Friday to Friday, and now we work Thursday to Thursday..

9. San Clemente Island is remote from established communities or suitable places of residence. We are transported to and from San Clemente Island by air. Working on San Clemente Island requires an appreciable degree of hardship and inconvenience beyond that normally encountered in metropolitan commuting to and from their residence and worksite.

I swear under penalty of perjury, that the foregoing is true and correct.

Date: 31 OCT 06

Michael Henning