**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 04-1575C |
| | ) | Judge Wheeler |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO BIFURCATE TRIAL BETWEEN THE ISSUES OF LIABILITY AND DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the plaintiffs respectfully submit this Unopposed Motion to Bifurcate Trial Between the Issues of Liability and Damages and Incorporated Memorandum of Law. As grounds for this Motion, the plaintiffs state:

1. Plaintiffs are current or former employees of the defendant United States Government employed as fire fighters by the United States Department of Navy. Plaintiffs bring this action because the defendant has failed to pay and disburse to them their proper offshore allowance, Title 5 overtime compensation, FLSA overtime, annual leave, sick leave, retirement benefits and thrift savings plan contributions. The parties respectfully request that the Court bifurcate the trial into two phases – first, a trial on the Government's liability then, if necessary, a second trial on damages.

2. During the "liability phase" of the hearing, the following issues would be addressed – (1) whether the defendant has failed to properly compensate the fire fighters' their offshore allowance under 5 U.S.C. §§5942, 5596; (2) whether the defendant has failed to properly calculated, disburse, and compensate the fire fighters' annual leave and sick leave pursuant to 5 U.S.C. §6303, 6307; (3) whether the defendant has failed to properly calculate, disburse, and contribute the fire fighters' retirement benefits under 5 C.F.R. §550.1305; (4) whether the defendant has failed to properly calculate, disburse, and contribute to the fire fighters' thrift savings plan under 5 U.S.C. §§8432 and 8432a; (5) whether the defendant has failed to properly compensate the fire fighters under 5 U.S.C. § 5545b; and (6) whether the defendant has failed to pay the fire fighters overtime compensation at one and one-half times their regular rate of pay for all overtime hours worked as required by 29 U.S.C. §207(a) and (k), and 5 U.S.C. 5545b.

The remaining "damages phase," if necessary, would be to determine the amount of damages that Plaintiffs are owed, and if there is a FLSA violation, whether Plaintiffs have established that the Government willfully violated the FLSA thereby requiring application of a three year statute of limitations, and whether the Government established that it acted in good faith and on reasonable grounds in attempting to comply with the requirements of the FLSA so as to avoid the imposition of liquidated damages.

3. Rule 42(b), Federal Rules of Civil Procedure, govern a request by a party to bifurcate a trial and provides that a court may order a separate trial of any issue to further convenience or avoid prejudice, or when it will be conducive to expedition and economy. Fed. R. Civ. P. 42(b). It is the plaintiffs' position that separate trials in this matter is conducive to expedition of resolution of the issues and will promote efficiency and economy.

4. Finally, the plaintiffs have contacted the Government regarding this motion, and it has stated that it would not oppose this motion. Thus, granting this request will not prejudice either party.

**ARGUMENT AND CITATION OF AUTHORITY**

Rule 42(b) governs a request by a party to bifurcate a trial and provides that "[t]he Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim … or of any separate issue[.]" See Fed. R. Civ. P. 42(b). District Courts are granted broad discretion to order separate trials "where such order would further convenience, avoid prejudice, or promote efficiency," Griffin v. City of Opa-Locka, 261 F.3d 1295, 1301 (11th Cir. 2001); see also German v. Federal Home Loan Mortg. Co. 896 F. Supp 1385 (S.D.N.Y. 1995) (in deciding to sever claim from action, courts generally consider inter alia: whether issues sought to be tried separately are significantly different from one another; whether

separable issues require different documentary proof); Lo Cicero v Humble Oil & Refining Co., 1971 U.S. Dist. LEXIS 15015 (E.D. LA, 1971) (holding that separate trials on issues of liability and damages will be granted where separation of damage issue promises convenience, potential economy, clearer understanding of issues, less embracive closing arguments). Bifurcation is proper in this case because it will promote judicial economy and would enhance juror comprehension of the issues presented.

In a FLSA case, an employer's motion to bifurcate trial between liability and damages was granted because it would promote judicial economy by limiting presentation of lengthy evidence that might be irrelevant if it was determined that the employer was not liable, and bifurcation would not prejudice the employees. Goldman v Radioshack Corp., 2005 U.S. Dist. LEXIS 9174 (E.D. Pa. 2005). The court reasoned that if the defendant was not found liable for overtime wages, there was no need for evidence on damages. Id. Thus, bifurcation of the trial promoted judicial expedition and economy by "limiting evidence to that which is essential to the disposition of the case." Id. The court also found bifurcation appropriate since the "standards and evidence required to prove liability are entirely different than the evidence required to prove damages." Id.

Bifurcation is appropriate in the case because it will promote judicial economy by limiting the presentation of lengthy evidence which may be irrelevant regardless of how the Court determines the liability phase. If the

Government prevails during the liability phase, the damages phase will be unnecessary. If the Government is found liable for violating any or all of the claims, there is a great likelihood that the parties will be able to agree to a methodology for calculating the amount of back pay and other damages. The methodology would simply be applied to Plaintiffs' past schedules and payroll records to determine any back pay owed. Therefore, it is likely that a trial for the "damages phase" will be unnecessary regardless of the outcome of the "liability phase." Bifurcation in this case will save the parties the tremendous expense of both performing the damage calculations, preparing the calculations to present at trial, as well avoid the additional time during the trial to address the damages evidence.

WHEREFORE, the plaintiffs respectfully request that this unopposed request be granted and that the trial be bifurcated between the issues of liability and damages.

Respectfully submitted,

Dated: November 22, 2006 s/David Ricksecker

David Ricksecker
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

**CERTIFICATE OF SERVICE**

This to certify that a true and accurate copy of the foregoing Plaintiffs' Unopposed Motion to Bifurcate Trial Between the Issues of Liability and Damages and Incorporated Memorandum of Law have been served via first-class mail, on this 22nd day of November, 2006 to the following counsel for the defendant:

Roger Hipp
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530

s/David Ricksecker
David Ricksecker