IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | CASE NO: 04-1575C<br>Judge Wheeler |

**PARTIES' JOINT STIPULATION OF UNCONTESTED MATERIAL FACT**

Plaintiffs, Timothy Agee *et al*., and Defendant, the United States, pursuant to this Court's order dated October 12, 2006, respectfully submit the following Joint Stipulation of Material Fact.

1. The plaintiffs are current or former employees of the defendant, the United States, employed as fire fighters by the United States Department of Navy.

2. Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, and the Fair Labor Standards Act (FLSA).

3. The defendant, the United States, is, and at all material times has been, a "public agency" and "employer" within the meaning of Title 5 of the U.S. Code, and the Fair Labor Standards Act (FLSA).

4. The fire fighters working on San Clemente Island, including the plaintiffs, since March 15, 1998, have worked regular and recurring work schedule that consists of seven consecutive 24-hour days followed by seven days off. Their workday is 24 hours. The plaintiffs' work schedule results in a 168-hour work week and 168 hours worked in a biweekly pay period.

5 Prior to March 15, 1998, the SCI fire fighters worked a 6/8 and 3/4 work schedule which was a 144 hour tour of duty. This means that the fire fighters would work six days on, then have eight days off, followed by three days on and four days off. The cycle would then repeat.

6. The Government implemented the 168 hour work schedule on March 15, 1998.

7. The plaintiffs have worked a 168 hour work week/168 hour biweekly pay period since March 15, 1998.

8. Since March 15, 1998, the fire fighters are scheduled, in advance, to work a 7 day, 168 hour tour of duty.

9. Although the Government implemented a 168 hour work schedule on March 15, 1998, the Government did not compensate and calculate leave and benefits using a 168 hour tour of duty until December 2003.

10. Plaintiffs work on San Clemente Island, which is an island located 55 nautical miles (nm) south of Long Beach and 68 nm west of San Diego.

11. The Government has designated San Clemente Island as a Remote Worksite. It is remote from established communities or suitable places of residence. Plaintiffs are transported to and from San Clemente Island by air. Working on San Clemente Island requires an appreciable degree of hardship and inconvenience beyond that normally encountered in metropolitan commuting to and from their residence and worksite. The plaintiffs are entitled and are paid an allowance as specified in 5 U.S.C. §5942.

12. Between March 15, 1998 and December, 2003, the Government compensated the fire fighters with an Offshore Allowance for only six days each pay period, even though the fire fighters were scheduled to work seven days each pay period.

13. Between March 15, 1998 and December, 2003, the Government utilized a 144 hour tour of duty to calculate the plaintiff fire fighters' "basic pay," defined at 5 C.F.R. §550.1303; 1305.

14. While the SCI fire fighters worked a 7 day, 168 hour schedule, the Government used a 144 hour tour of duty to calculate basic pay and pay Offshore Allowance.

15. Between March 15, 1998 and December, 2003, the Government calculated and disbursed the plaintiff fire fighters' annual leave using a 144 hour tour of duty.

16. Between March 15, 1998 and December, 2003, the Government calculated and disbursed the plaintiff fire fighters' sick leave using a 144 hour tour of duty.

17. Between March 15, 1998 and December, 2003, the Government calculated and disbursed the plaintiff fire fighters' retirement benefits using a 144 hour tour of duty.

18. Between March 15, 1998 and December, 2003, the Government calculated and contributed the plaintiff fire fighters' thrift savings plan using a 144 hour tour of duty.

19. Between March 15, 1998 and December 2003, if a fire fighter did not work the seventh day of the 7 day, 168 hour tour of duty, the Government did not compensate the fire fighter for the seventh day of the tour of duty, nor did the Government charge the fire fighter annual or sick leave.

20. The Government does not include the Offshore Allowance in the plaintiff fire fighters' regular rate of pay for overtime.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/David Ricksecker____
DAVID RICKSECKER
Woodley & McGillivary
1125 15th Street, NW
Suite 400
Washington, DC 20005

TODD M. HUGHES
Assistant Director

ROGER HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit 8th Floor,
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 307-0972

Attorney for Plaintiffs

Attorneys for Defendant

November 22, 2006