IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY T. AGEE, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) | No. 04-1575C (Judge Wheeler) |

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Defendant, the United States, pursuant to the Court's order dated October 12, 2006, respectfully submits its statement of contested issues of fact and its proposed conclusions of law.

CONTESTED ISSUES OF FACT

1. Whether mistakes made by the employing agency in calculating pay and benefits constituted willful violations of the Fair Labor Standards Act ("FLSA"). Defendant contends it acted in good faith and that the mistakes were not willful violations of law.

2. The monetary damages suffered by each plaintiff and the extent to which each plaintiff is entitled to adjustments to leave and benefits. As stated below in our proposed conclusions of law, defendant contends that certain damages and other relief sought by the plaintiffs are not compensable in this action. In addition, to date the plaintiffs have not quantified all the factual variables (such as the number of occasions on which they did not work the seventh day of the scheduled shift) that are relevant to a computation of damages and other relief. Our contentions at trial will depend upon the evidence plaintiffs present at trial.

PROPOSED CONCLUSIONS OF LAW

1. Pursuant to 29 U.S.C. § 255, plaintiffs may not recover for any FLSA violations that occurred more than two years prior to the date this action was filed (October 18, 2004),

unless plaintiffs establish a willful violation, in which case they may not recover for violations that occurred more than three years prior to the date this action was filed. In the alternative, the Court does not possess jurisdiction to entertain claims for any violations that occurred outside the periods set forth in 29 U.S.C. § 255. RCFC 12(b)(1). In the second alternative, plaintiffs have failed to state a claim upon which relief may be granted with respect to violations that occurred outside the periods set forth in 29 U.S.C. § 255. RCFC 12(b)(6).

2. Plaintiffs bear the burden of proving a willful violation of FLSA. Adams v. United States, 350 F.3d 1216, 1229 (Fed. Cir. 2003). The standard for willfulness is that the "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Id.

3. The Government properly excluded the remote worksite allowance from the calculation of the rate of basic pay. The remote worksite allowance regulations expressly require this exclusion. 5 C.F.R. § 591.308 ("An allowance authorized under this subpart is in addition to any additional pay or allowances payable under other statutes. It shall not be considered part of the employee's rate of basic pay in computing additional pay or allowances payable under other statutes.").

4. Because firefighters who did not work the seventh day of the scheduled tour of duty were not required to take leave from their annual leave or sick leave accounts, they are not entitled to compensation for those non-worked days. Abbott v. United States, 41 Fed. Cl. 553, 565-566 (1998); Armitage v. United States, 23 Cl. Ct. 483, 492 (1991); In re Ford, 73 Comp. Gen. 157, 159 (1994).

5. The plaintiffs who are not yet retired may not recover anything in connection with

their retirement benefits. The claims based upon future retirement benefits do not state a claim for money that is presently due and owing. The Court does not possess jurisdiction to entertain these claims, or, in the alternative, plaintiffs have failed to state a claim upon which relief may be granted. 28 U.S.C. § 1491(a)(1); RCFC 12(b)(1); RCFC 12(b)(6); United States v. Testan, 424 U.S. 392, 398 (1976) (discussing precedents that limit the Court's jurisdiction to money damages); Comonwealth of Kentucky ex rel. Cabinet for Human Res. v. United States, 16 Cl. Ct. 755, 760 (1989) ("The jurisdiction of the Claims Court to entertain an action is dependent upon a claim for money presently due."); Wood v. United States, 214 Ct. Cl. 744, 745 (1977) ("Since plaintiff is not yet 50, this court plainly has no jurisdiction at all to grant him any retirement benefits at this time."); Cf. Carman v. United States, 602 F.2d 946, 949 (Cl. Ct. 1979) (exercising jurisdiction over claim for restoration of annual leave that was incidental to claim for back pay).

6. Plaintiffs may not recover interest pursuant to the Back Pay Act. Congress has not waived sovereign immunity for the payment of interest in FLSA cases. Adams v. United States, 48 Fed. Cl. 602, 610 (2001), aff'd on other grounds, 350 F.3d 1216 (Fed. Cir. 2003).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 307-0972

November 22, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 22, 2006, a copy of the foregoing "DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp