IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY T. AGEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-1575C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING OF UNCONTROVERTED FACT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully responds to plaintiffs' proposed finding of uncontroverted fact submitted with their motion for partial summary judgment.

Proposed Finding:

1. The plaintiffs are current or former employees of the defendant United States Government employed as fire fighters by the United States Department of Navy. Defendant's Answer, ¶ 1.

Response:

Undisputed.

Proposed Finding:

2. Each of the plaintiffs in this action is, or has been, an "employee"within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, 5504, 8331, 8401 and the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

Response:

Undisputed.

Proposed Finding:

3. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer."

Response:

Undisputed that defendant, the United States, is and has been a “public agency” and “employer” as those terms are used in Title 5 of the United States Code and the Fair Labor Standards Act.

Proposed Finding:

4. The fire fighters working on San Clemente Island, including the plaintiffs, since March 15, 1998, have worked regular and recurring work schedule that consists of seven consecutive 24-hour days followed by seven days off. Their workday is 24 hours. The plaintiffs' work schedule results in a 168-hour work week and 168 hours worked in a biweekly pay period. Plaintiffs’ First Amended Complaint, ¶ 8; Defendant’s Answer, ¶8, 11; Henning Declaration, ¶ 2, 3. See e.g., Exhibit 1, Request for SF-53; Exhibit 2, SCI 7/7 Work Schedule.

Response:

Undisputed that the firefighters working on San Clemente Island, including the plaintiffs, since March 15, 1998, have been scheduled to work seven consecutive 24-hour days followed by seven days off. The extent to which plaintiffs actually worked all seven days of the schedule is disputed. E.g., plaintiffs’ summary judgment brief at 18-19 (seeking pay for occasions when plaintiffs did not work the seventh day of the schedule). Undisputed that their workday is

24 hours. Undisputed that the plaintiffs' work schedule results in a 168-hour work week and 168 hours worked in a biweekly pay period.

Proposed Finding:

5. Prior to March 15, 1998, the SCI fire fighters worked a 6/8 and 3/4 work schedule which was a 144 hour tour of duty. See Exhibit 3, 4. See e.g., Exhibit 5. Michael Henning Employee History Report, Jan. 1, 1998 to March 14, 1998 (144 Regular Tour of Duty for Basic Pay computations, regular and recurring six 24 hour shifts or leave each pay period, compensation for 6 days Offshore Allowance (indicated by the code YN) ).

Response:

Undisputed.

Proposed Finding:

6. The Government implemented the 168 hour tour of duty on March 15, 1998. See Exhibit 1, 3, 4.

Response:

Undisputed.

Proposed Finding:

7. The plaintiffs have worked a 168 hour work week/168 hour biweekly pay period since March 15, 1998. See Exhibit 1, 3, 4; Henning Declaration, ¶2, 3. See also, Exhibit 6 (plaintiff Henning's Employee History Report, March 15, 1998 to June 15, 2002); Henning Leave and Earning Statements, Exhibit 17.

Response:

Undisputed.

Proposed Finding:

8. Since March 15, 1998, the fire fighters are scheduled, in advance, to work a 7 day, 168 hour tour of duty. Henning Declaration, ¶ 3. See e.g. Exhibit 2.

Response:

Undisputed.

Proposed Findings:

9. Although the Government implemented a 168 hour work schedule/tour of duty on March 15, 1998, due to bureaucratic inertia and delay, the government did not compensate and calculate leave and benefits using a 168 hour tour of duty until December 2003. See Exhibit 1, 7, 8, 9, 10, 11, 12, 18; Greely Depo., pp 71-72, 105-106.

Response:

Undisputed that the Government implemented a 168-hour work schedule/tour of duty on March 15, 1998 but did not compensate and calculate leave and benefits using a 168-tour of duty until December 2003. Disputed that "bureaucratic inertia and delay" was the cause.

Proposed Finding:

10. The Government was aware of the fire fighters' concerns regarding basic pay computations and Offshore Allowance payments. See Henning Declaration ¶ 7; Exhibits 18, 11, 12.

Response: This proposed finding that the Government was aware of plaintiffs' "concerns," without an explanation of what those concerns were or what time frame is being referenced, is vague and ambiguous. To the extent a response is required, disputed.

Proposed Finding:

11. Plaintiffs work on San Clemente Island, which is an island located 55 nautical miles (nm) south of Long Beach and 68 nm west of San Diego. See Defendant's Answer, ¶ 9.

Response:

Undisputed.

Proposed Finding:

12. The Government has designated San Clemente Island as a Remote Worksite. It is remote from established communities or suitable places of residence. Plaintiffs are transported to and from San Clemente Island by air. Working on San Clemente Island requires an appreciable degree of hardship and inconvenience beyond that normally encountered in metropolitan commuting to and from their residence and worksite. The plaintiffs are entitled and are paid an allowance as specified in 5 U.S.C. §5942. Greely Deposition, pp. 25-27; Henning Declaration, ¶ 9.

Response:

Undisputed.

Proposed Finding:

13. Between March 15, 1998 and December, 2003, the Government compensated the fire fighters with an Offshore Allowance for only 6 days each pay period, even though the fire fighters worked seven days each pay period. See Greely Depo. 49 -50, 85; Henning Declaration ¶ 4; Exhibits 6, 17, 20.

Response:

Undisputed that between March 15, 1998 and December, 2003, the Government

compensated the fire fighters with an Offshore Allowance for only 6 days each pay period, even though the fire fighters were scheduled to work seven days each pay period. The extent to which plaintiffs actually worked all seven days of the schedule is disputed. E.g., plaintiffs' summary judgment brief at 18-19 (seeking pay for occasions when plaintiffs did not work the seventh day of the schedule).

Proposed Finding:

14. Between March 15, 1998 and December, 2003, the government utilized a 144 hour tour of duty to calculate the plaintiff fire fighters' "basic pay," defined at 5 C.F.R. §550.1303; 1305. See Henning Declaration ¶ 5; Exhibit 6; Greely Depo, 86-88.

Response:

Undisputed.

Proposed Finding:

15. While the SCI fire fighters worked a 7 day, 168 hour schedule, the government used a 144 hour tour of duty to calculate basic pay and pay Offshore Allowance. While the actual pay remains the same, the accrual of annual and sick leave, the Offshore Allowance, income subject to retirement, Retirement Deductions, income subject to Thrift Savings Plan, and Thrift Savings Plan deductions all increase under a 168 hour tour of duty. See e.g., Exhibit 19 (demonstrating the difference in plaintiff Henning's calculations between a 144 hour tour of duty and a 168 hour tour of duty).

Response:

Undisputed.

Proposed Finding:

16. Between March 15, 1998 and December, 2003, the government calculated and disbursed the plaintiff fire fighters' annual leave using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

Response:

Undisputed.

Proposed Finding:

17. Between March 15, 1998 and December, 2003, the government calculated and disbursed the plaintiff fire fighters' sick leave using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

Response:

Undisputed.

Proposed Finding:

18. Between March 15, 1998 and December, 2003, the government calculated and disbursed the plaintiff fire fighters' retirement benefits using a 144 hour tour of duty. See Henning Declaration ¶5; Exhibit 6, 17.

Response:

Undisputed.

Proposed Finding:

19. Between March 15, 1998 and December, 2003, the government calculated and contributed the plaintiff fire fighters' thrift savings plan using a 144 hour tour of duty. See Henning Declaration ¶ 5; Exhibit 6, 17.

Response:

Undisputed.

Proposed Finding:

20. Between March 15, 1998 and December 2003, the government did not compensate fire fighters for the seventh day of the tour of duty if the fire fighter requested to use leave. See Henning Declaration ¶ 6.

Response:

Undisputed that the Government did not compensate firefighters for the seventh day of the tour of duty if the plaintiff did not work that day. Disputed that the plaintiffs took leave on those occasions. The parties have stipulated that on occasions when the plaintiffs did not work the seventh day of the tour of duty, they were not charged annual leave or sick leave. Parties' Joint Stipulation Of Uncontested Material Fact, ¶ 19, filed on November 22, 2006.

Proposed Finding:

21. The Government does not include the Offshore Allowance in the plaintiff fire fighters' regular rate of pay for overtime. See Exhibit 6, 17, Greely Depo. 79.

Response:

Undisputed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 307-0972

December 4, 2006

Attorneys for Defendant