IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY T. AGEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-1575C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S POST-TRIAL BRIEF

Defendant, the United States, pursuant to this Court's order dated January 3, 2007, and Appendix A, ¶ 19 of the Rules of the Court of Federal Claims, respectfully submits the following post-trial brief.

ARGUMENT

The primary disputes in this case are legal rather than factual, and have already been addressed in the parties' summary judgment briefs. In this post-trial brief, we will review the law and evidence as applied to each count of plaintiffs' amended complaint (the "complaint").

I. COUNT ONE

Count One of the complaint seeks a remote worksite allowance pursuant to 5 U.S.C. § 5942. The Government has admitted that the plaintiffs are entitled to a remote worksite allowance for days actually worked. The amount of this is $25,883.93, as computed in the appendix to this brief. The Government also admits that plaintiffs are entitled to Back Pay Act interest on this amount; however, because the interest should be calculated through the date of payment, which has yet to be determined, it is not yet possible to calculate the interest.

The Government contests, as a matter of law, plaintiffs' claim for a remote worksite allowance for days that plaintiffs did not work. The applicable regulation, 5 C.F.R. § 591.307(d),

provides that the allowance is "paid for each full day, or prorated for each part of a day, that the employee remains at the duty post." Plaintiff Michael Henning testified that on occasions when he did not work the seventh day of the schedule, he would fly home a day early. Tr. 94:4-15.[1] Because he did not remain at the duty post, he was not entitled to an allowance, pursuant to 5 C.F.R. § 591.307(d). Presumably the other plaintiffs also flew home early if they did not work the seventh day; there was no evidence at trial that the other plaintiffs acted any differently than Mr. Henning in that regard.

II. COUNT TWO

Count Two of the complaint alleges violations of the Fair Labor Standards Act ("FLSA"). We understand this count to include two claims: (1) a claim that the remote worksite allowance should have been included in plaintiffs' basic rate of pay; and (2) a claim that the firefighters should have been paid as though they were on leave-with-pay status on those occasions when they did not work the seventh day of the schedule and were not charged leave.

Plaintiffs discussed their claim that the remote worksite allowance should have been included in their' rate of basic pay at pp. 19-21 of their summary judgment brief. As we explained at pp. 6-8 of our summary judgment brief, the agency properly excluded the remote worksite allowance from plaintiffs' rate of basic pay. The applicable regulation, 5 C.F.R. § 591.308, provides that the remote worksite allowance "shall not be considered part of the employee's rate of basic pay in computing additional pay or allowances payable under other statutes."

In addition to the authorities discussed in our summary judgment brief and the testimony

[1] "Tr. ___" refers to the trial transcript.

of Linda Greeley at Tr. 154:23-155:22, we also respectfully1 refer the Court to 5 U.S.C. § 5545b. Subsection (d)(2) of that statute provides:

> For the purpose of applying section 7(k) of the Fair Labor Standards Act of 1938 to a firefighter who is subject to this section, no violation referred to in such section 7 (k) shall be deemed to have occurred if the requirements of section 5542 (a) are met, applying section 5542 (a) as provided in subsection (f) of that section: Provided, That the overtime hourly rate of pay for such firefighter shall in all cases be an amount equal to one and one-half times the firefighter's hourly rate of basic pay under subsection (b)(1)(A) or (c)(1)(B) of this section, as applicable.

To summarize the application of this statute to this case, 5 U.S.C. § 5545b provides that there is no violation of FLSA if 5 U.S.C. § 5542(f) is satisfied, and provided that the firefighter receives overtime pay based upon the time-and-a-half hourly rate of basic pay pursuant to 5 U.S.C. § 5545b(b)(1)(A). Neither 5 U.S.C. § 5542(f) nor 5 U.S.C. § 5545b(b)(1)(A) refers to or authorizes inclusion of the remote worksite allowance in a firefighter's hourly rate of basic pay. Consistent with these statutes, the regulatory definition of firefighters' hourly rate of basic pay provides that the rate is to be computed by dividing the annual rate of basic pay by 2,756 hours. 5 C.F.R. § 550.1303(a). Like the statutes, the regulation does not refer to or authorize the inclusion of the remote worksite allowance in this computation.

We addressed the second part of this claim – that the firefighters should be treated as though they were on paid leave status on those occasions when they did not work (and were not charged leave) for the seventh day of the schedule – at pp. 9-11 of our summary judgment brief. We note here that the evidence at trial established that if plaintiffs' theory of the case is correct, then the many of the plaintiffs who are current Federal employees will have hundreds of hours of annual leave deducted from their leave accounts as a result. The number of hours that each

plaintiff would be required to deduct is computed in the appendix in the "Non-Deducted Leave Hours" column. Moreover, because the plaintiffs who are no longer Federal employees have already closed out their leave accounts, there is no way for the Government to charge their leave accounts for the hours they claim to have been on paid leave status, and therefore any money they could recover here would be subject to a complete offset.

Finally, if the Court were to determine that there was a FLSA violation in connection with the seventh-day leave claim, the Court should find that the time period for assessing liquidated damages is two years. The FLSA statute of limitations is two years, unless the violation is willful, in which case the statute of limitations is three years. 29 U.S.C. § 255. Plaintiffs bear the burden of proving a willful violation of FLSA. Adams v. United States, 350 F.3d 1216, 1229 (Fed. Cir. 2003). The standard for willfulness is that the "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Id.

Plaintiffs failed to prove a willful violation of FLSA. As we explained above and in our summary judgment brief, the agency did not violate FLSA by not paying plaintiffs for days on which they neither worked nor were charged leave. Even if the Court were to rule against the Government on this issue, there was no evidence that any FLSA violation was willful. Government witness Steve Rumble testified that he thought it was not in the plaintiffs' best interests to be charged leave for every occasion when they did not work, which may render some of the plaintiffs liable to the Government for overpayments. Tr. 205:23-208:4; 209:15-211:1; see

also PX 20, 30.[2] Government witness Linda Greeley testified about the deductions from plaintiffs' leave accounts that their claim, if allowed, would require. Tr. 157:1-160:7.

The massive deductions to the plaintiffs' leave accounts that will be necessary if plaintiffs prevail on this claim substantiate the belief of Mr. Rumble and Ms. Greeley that the adjustments sought by plaintiffs will come at a heavy price to many of them. Plaintiffs who rarely worked the seventh day like James Goleta (906 non-deducted leave hours) and Charles Ricks (1,109.5 non-deducted leave hours) would incur particularly large leave deficits.

## III. COUNT THREE

Count three of the complaint alleges that the agency miscalculated plaintiffs' annual leave and sick leave. The Government admits that with respect to seventh-day shifts that the plaintiffs actually worked, the plaintiffs should have accrued annual leave at the rate identified in PX 40. Accordingly, the Government acknowledges that the plaintiffs who are current employees are entitled to be credited with annual leave and sick leave as indicated in the appendix hereto in the column labeled "Annual Leave Hours Amount Due."

However, as discussed in the preceding section, if plaintiffs were to prevail upon their theory that they should be deemed to have been on leave-with-pay status for those occasions when they did not work the seventh day of the schedule, then deductions to their leave accounts will in most cases fully offset the claims for additional accrued annual leave. The potential offset is calculated in the appendix in the column labeled "Non-Deducted Leave Hours." Only four of the plaintiffs (Robert Hill, Jaime Lopez, Raymond Matthews, and Thomas Pistone) accrued leave

[2] "PX___" refers to plaintiffs' exhibits.

in excess of what they would be required to deduct if the non-deducted leave for the seventh day is taken into account.

Count Three also seeks adjustments to plaintiffs' sick leave accounts. The Government admits that the plaintiffs who are currently Federal employees are entitled to sick leave adjustments for seventh-day shifts that they actually worked. The adjustments are calculated in the appendix in the column labeled "Sick Leave Hours Amount Due." However, unused sick leave has no monetary value, Tr. 160:8-14, and plaintiffs are not entitled to any monetary recovery based upon their sick leave claim.

IV. COUNT FOUR

Count Four of the complaint alleges that the Government miscalculated plaintiffs' retirement deductions and benefits, life insurance premiums, severance pay, cost of living allowances, and post differentials in advancement and pay. As we explained at pp. 2-4 of our summary judgment brief, this Court does not possess jurisdiction to entertain claims for retirement benefits. In addition, the plaintiffs who are not yet retired have failed to state a claim for money presently due and owing. Def. Summary Judgment Br. at 5-6.

As for life insurance, it is unclear from the complaint what relief plaintiffs are seeking. We understand plaintiffs to be arguing that the Government should have included the seventh day of the schedule and/or the remote worksite allowance in plaintiffs' pay calculations for purposes of life insurance coverage through the Federal Employees' Group Life Insurance Program ("FEGLI"). Even if plaintiffs were to prevail on this theory, they would not be entitled to any monetary recovery. FEGLI insurance does not build any cash value, so it only has

monetary value if the employee dies while covered.[3] Tr. 161:19-22. Because none of the plaintiffs has died and received reduced benefits, none has suffered damages as a result of the alleged miscalculations.

There was no evidence at trial concerning plaintiffs' claims for severance pay, cost of living allowances, or post differentials in advancement and pay. We understand plaintiffs to have abandoned those claims.

V. COUNT FIVE

Count Five of the complaint relates to plaintiffs' participation in the Thrift Savings Plan, which is a retirement savings and benefit program. As we explained at pp. 2-4 of our summary judgment brief, this Court does not possess jurisdiction to entertain claims for retirement benefits. In addition, the plaintiffs who are not yet retired have failed to state a claim for money presently due and owing. Def. Summary Judgment Br. at 5-6.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

---

[3] The Office of Personnel Management's FEGLI Handbook, which includes both an overview of the program and detailed information about FEGLI coverage, is available online at http://www.opm.gov/insure/life/handbook.

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 307-0972

February 2, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 2, 2006, a copy of the foregoing "DEFENDANT'S POST-TRIAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp