**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 04-1575C |
| | ) | Judge Wheeler |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**POST-TRIAL REPLY MEMORANDUM OF LAW REGARDING LIABILITY AND DAMAGES**

David Ricksecker
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

**POST-TRIAL REPLY MEMORANDUM OF LAW**
**REGARDING LIABILITY AND DAMAGES**

Plaintiffs Timothy Agee, *et al*., respectfully submit this Post-Trial Reply Memorandum of Law Regarding Liability and Damages. The plaintiffs would like to clarify and distinguish a few arguments and contentions made in the Government's post-trial brief.

**I. Response to Government's Section I., Count One**

The government admits that the plaintiffs are owed remote worksite allowance for the seventh day of the 168 hour tour of duty. The Government argues that this should only be paid for days actually worked, even though the government currently pays San Clemente Island fire fighters the offshore allowance whether the fire fighter uses leave or works that day. In addition, when the Government was improperly compensating the plaintiffs for only six days, rather than seven as required, the Government would pay fire fighters offshore allowance for all six days, whether or not all six days were actually worked. The plaintiffs' $29,806.44 calculation is based on payment for every scheduled work day. At a minimum, the plaintiffs are owed the amount calculated by the Government ($25,883.93). Also, the Plaintiffs calculated Back Pay Act interest prior to trial for damage purposes, but would be amenable to an order from the Court ordering that the Back Pay Act interest be calculated based on a certain future date, and to be paid by on a date certain.

## II. Response to Government's Section II., Count Two

### A. FLSA Claim

The plaintiffs thoroughly covered this issue in their Post Hearing Brief, Section III.A.2. and Section III.B. To clarify one misstatement in the Government's brief, the plaintiffs' claim regarding the Government's failure to properly compensate fire fighters for the seventh day of work is under the Back Pay Act, not the Fair Labor Standards Act (FLSA).

Contrary to the FLSA, the Government failed to include offshore allowance payments in the fire fighters' regular rate for overtime. The Firefighter Pay Reform Act bars payment of any premium pay to fire fighters, including night pay, Sunday pay, holiday pay, and hazardous duty pay. See 5 U.S.C. §5545b, see also OPM Document, Firefighter Pay Reform Act, PL 105-277, http://www.opm.gov/retire /asd/htm/2001/01-107.htm (Plaintiffs' Exhibit No. 38.). The law states that federal fire fighters **"**shall not receive premium pay**"** by other provisions of 5 USC §5541**.** See 5 USC § 5545b(d)(1). The Offshore Allowance is ***not*** found under 5 USC 5541, but rather, under 5 USC Sec. 5942. Since the fire fighters receive the offshore allowance**,** it is clear that the Offshore Allowance is not "premium" pay at all, but rather an allowance located in a completely different section of the law than "premium pay." Compare. 5 U.S.C. §5942 with 5 USC §5541. Allowances are not

considered to be premium pay, such as shift differentials, but mandatory compensation for working in remote locations.

The Government also argues that there is no violation of the FLSA if 5 U.S.C. 5542(f) is satisfied, provided that the fire fighter receives overtime pay based upon the time and a half hourly rate of basic pay. The Government, however, ignores case law addressing 5 U.S.C. 5542. Courts have held that federal employees are protected by ***both*** 29 U.S.C. §207 (FLSA) and 5 U.S.C. §5542 regarding overtime compensation. Under dual coverage, where there is inconsistency between statutes, employees are entitled to benefit of most favorable construction. Agner v. U.S., 8 Cl Ct 635 (1985). When federal employees are entitled to overtime under both Title 5 ( 5 U.C.S. §§201 *et seq*.), they are to be paid under the statute which gives them the greater benefit. Dep't of Navy and Philadelphia Metal Trades Council, 28 FLRA No. 70 (1987). Employees whose total compensation computed under the FLSA is greater then overtime compensation computed under Title 5 are entitled to payment under the FLSA, and are entitled to whichever compensation results in greater total compensation. 65 Comp. Gen. 273 (1986), Brown and Schacht, 69 Comp. Gen. 385 (1990). Thus, the fire fighters are entitled to have the offshore (remote worksite) allowance included in their regular rate for the calculation of overtime under the FLSA.

If the Court finds for the plaintiffs, and determines that there is a violation of the FLSA, the Government ignores its burden and presents ***no***

***argument*** to avoid an award of liquidated damages. Thus the plaintiffs are entitled to an equal amount of backpay in liquidated damages. The Government argues that its violation was not willful and that the Court should only go back two years from the date the lawsuit was filed, rather than three years. The plaintiffs address willfulness in their Post Trial Brief, Section III.B.3, and are entitled to the three year statute of limitations.

**B. Back Pay Claim for Failure to Compensate Plaintiff for Seventh Day of the 168 Hour Tour of Duty**

The Government does not argue that the plaintiffs are not entitled to payment for all 168 days of their tour of duty. The Government, paternalistically and self-servingly, argues that it is not in the plaintiffs' best interest to receive compensation for this seventh day. The plaintiffs acknowledge that compensation owed can be deducted from accrued leave, as suggested by the Government. It is impossible, however, to determine whether the leave deducted should be sick or annual leave. The plaintiffs suggest the following method of deducting leave for payment of the seventh day of 168 hour tour of duty:

(1) Deduct equally from sick leave and annual leave accrued pursuant to this case, *i.e.*, Plaintiffs' Post Hearing Brief, Section III.A.3.a. Once deductions of one type of leave accrued pursuant to this case equals zero, the remainder will be taken from other leave accrued pursuant to this case.

(2) If both types of leave accrued by the plaintiffs from this case equals zero, the ***plaintiffs will have the option*** of having a desired amount deducted equally from both their sick and annual leave banks. Any amount of 7th day pay not deducted from a plaintiffs' leave need not be paid to the plaintiffs.

The plaintiffs are also entitled to interest on the back pay amount owed, as well as Back Pay Act interest on the value of the leave accrued prior to any deduction.

## III. Response to Government's Section III., Count Three

The Government admits leave was improperly calculated. The plaintiffs suggest the above method for deducting leave for the 7th day. The plaintiffs should also receive interest on the value of the leave prior to the deduction. In addition, a federal employee may receive a lump-sum payment for any unused annual leave when he or she separates from federal service. The Government calculates a lump-sum payment by multiplying the number of hours of accumulated and accrued annual leave by the employee's applicable hourly rate of pay, including overtime. The lump-sum payment for accumulated annual leave for the fire fighters would significantly increase had it been properly calculated. See 5 CFR § 550.1306(c). The plaintiffs were also illegally denied proper use, accrual and access to sick leave , and any accrued sick leave should be liquidated and paid in cash to those plaintiffs no longer employed by the Government. The plaintiffs are also entitled to Back Pay Act interest on the value of all leave improperly calculated prior to any deduction or offset.

**IV. Response to Government's Section IV., Count Four and Section V., Count 5.**

For general argument, see Plaintiffs' Post Hearing Brief, Sections III.A.3.b., c. and d. Contrary to the Government's contention, FEGLI certainly has a cash value for Plaintiff LeClair's estate, as he is deceased. See Amended Complaint.

Respectfully submitted,

Dated: February 16, 2007

____s/David Ricksecker___

David Ricksecker
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel