IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY T. AGEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-1575C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY POST-TRIAL BRIEF

Defendant, the United States, pursuant to this Court's order dated January 3, 2007, and Appendix A, ¶ 19 of the Rules of the Court of Federal Claims, respectfully submits the following reply post-trial brief.

ARGUMENT

As in our initial post-trial brief, we will review the law and evidence as applied to each count of plaintiffs' amended complaint (the "complaint").

I. COUNT ONE

In our initial brief, we acknowledged that the plaintiffs are entitled to a remote worksite allowance for days actually worked, for a total amount of $25,883.93, as computed in the appendix to our initial brief. We also acknowledged in our initial brief that the plaintiffs are entitled to Back Pay Act interest on that amount.

Plaintiffs' initial brief contends that plaintiffs are entitled to an additional $3,922.51, for a total of $29,806.44, not including interest. Plaintiffs appear to be seeking a remote worksite allowance for those occasions when they did not actually work the seventh day of the schedule. As we explained in our initial brief, the applicable regulation, 5 C.F.R. § 591.307(d), provides that the allowance is "paid for each full day, or prorated for each part of a day, that the employee

remains at the duty post." Plaintiff Michael Henning testified that on occasions when he did not work the seventh day of the schedule, he would fly home a day early. Tr. 94:4-15.[1] There was no evidence that the other plaintiffs stayed at the duty post if they did not work the seventh day. Because the plaintiffs did not remain at the duty post if they did not work the seventh day, they are not entitled to an allowance, pursuant to 5 C.F.R. § 591.307(d).

II. COUNT TWO

Count Two of the complaint alleges violations of the Fair Labor Standards Act ("FLSA"). We understand this count to include two claims: (1) a claim that the remote worksite allowance should have been included in plaintiffs' basic rate of pay; and (2) a claim that the firefighters should have been paid as though they were on leave-with-pay status on those occasions when they did not work the seventh day of the schedule and were not charged leave.

Our initial brief demonstrated that plaintiffs' theory of recovery for including the remote worksite allowance in their rate of pay for FLSA purposes is built upon a false foundation. The plaintiffs are not covered by the FLSA "regular rate" formula set forth in 29 U.S.C. §§ 207(a)(1) and 207(e), as they contend at pp. 20-22 of their post-trial brief. Instead, pursuant to the Federal Firefighters Overtime Pay Reform Act of 1998, Pub. L. 105-277 § 628, 112 Stat. 2681-519, codified at 5 U.S.C. § 5545b, Federal firefighters are entitled to a FLSA overtime rate "equal to one and one-half times the firefighter's hourly rate of basic pay." 5 U.S.C. § 5545b(d)(2) (emphasis added).

Plaintiffs concede at p. 22 of their post-trial brief that the applicable remote worksite allowance regulation, 5 C.F.R. § 591.308, "clearly prohibits the offshore allowance from being

---

[1] "Tr. ___" refers to the trial transcript.

included when calculating an employee[']s basic pay." Because Federal firefighters receive FLSA overtime pay based upon their hourly rate of basic pay, and because plaintiffs have conceded that the remote worksite allowance is not included when calculating basic pay, plaintiffs' FLSA claim for the remote worksite allowance must fail.

Our summary judgment brief and our initial post-trial brief also refuted plaintiffs' claim for leave-with-pay status for those occasions when they did not work the seventh day and were not charged leave. This Court held in Armitage v. United States, 13 Cl. Ct. 48, 489 (1991), and Abbott v. United States, 41 Fed. Cl. 553, 556 (1998) that plaintiffs who do not work a scheduled overtime shift are not entitled to overtime pay if no leave is deducted from their annual leave accounts. Plaintiffs' post-trial brief attempts to distinguish Armitage on technical grounds, Pl. Post-Trial Br. at 5-6, but does not refer to Abbott at all. Abbott broadly endorsed the rule in Armitage that "the leave with pay statutes do not apply unless the agencies actually treated plaintiffs as on annual or sick leave during the regularly scheduled overtime * * * to which they claim entitlement." Abbott, 41 Fed. Cl. at 565 (quoting Armitage, 13 Cl. Ct. at 488). This Court should follow Armitage and Abbott and deny plaintiffs' claim for overtime pay for non-worked shifts for which they were not charged leave.

Finally, even if the Court were to rule in favor of plaintiffs for their FLSA claims, the Court should apply the ordinary two-year statute of limitations, and not the three-year statute of limitations for willful violations. 29 U.S.C. § 255. As set forth above, the agency's position concerning the FLSA claims are supported by statute, regulation, and precedents of this Court. Plaintiffs' post-trial brief cites no case holding that FLSA requires that the remote worksite allowance be paid at the overtime rate. Likewise, plaintiffs' post-trial brief cites no case holding

that plaintiffs who are not charged leave should be paid at the overtime rate for non-worked shifts. The lack of any precedent supporting plaintiffs' position is further proof that the agency acted in good faith when it declined to pay the remote worksite allowance and non-worked shifts at the overtime rate.

III. COUNT THREE

In our initial post-trial brief, we acknowledged that the plaintiffs who are current employees are entitled to be credited with annual leave and sick leave as indicated in the appendix to that brief. We also noted that if plaintiffs were to prevail upon their claim for leave-with-pay status for those occasions when they did not work the seventh day of the schedule, then deductions to their annual leave accounts will in most cases fully offset the claims for additional accrued annual leave. Even though the potential offset was discussed at trial, Tr. 156-60, 183-85, plaintiffs' post-trial brief neither acknowledges nor calculates the offset.

IV. COUNTS FOUR AND FIVE

Counts Four and Five of the complaint allege that the Government miscalculated plaintiffs' retirement deductions and benefits, life insurance premiums, severance pay, cost of living allowances, and post differentials in advancement and pay. As we explained at pp. 2-4 of our summary judgment brief, this Court does not possess jurisdiction to entertain claims for retirement benefits. In addition, the plaintiffs who are not yet retired have failed to state a claim for money presently due and owing. Def. Summary Judgment Br. at 5-6.

Plaintiffs rely upon Hannon v. United States, 48 Fed. Cl. 15 (2000) to establish jurisdiction for the retirement benefit claims. Hannon is distinguishable for at least two reasons.

First, Hannon involved claims pursuant to the Federal Law Enforcement Pay Reform Act of 1990, Pub. L. No. 101-509, §§ 401-412, 104 Stat. 1389, 1465-69 ("FLEPRA"). 48 Fed. Cl. at 17. The Court found that when Congress enacted FLEPRA, it did not include the same provisions for Merit Systems Protections Board ("MSPB") review that are found in the Civil Service Retirement System and Federal Employees Retirement System statutes. Id. at 23.

Second, Hannon is distinguishable because of its unusual procedural history. Hannon involved 260 Federal employees. Id. at 17. Some of the plaintiffs had submitted claims at the agency level as early as 1989. Id. at 27. By 2000, only one third of the plaintiffs had received final decisions from the agency that could be appealed to the MSPB. Id. at 27-28. Some of the plaintiffs who did receive decisions from the agency appealed to the MSPB, but were still awaiting final decisions from the MSPB. Id. Because some of the plaintiffs in Hannon had "been in bureaucratic limbo for over ten years," the Court found that they were not required to pursue further their administrative remedies "in the wake of prejudicial and inexplicable administrative delay." Id. at 28.

The plaintiffs here have not attempted to pursue their retirement benefit claims at the Office of Personnel Management ("OPM") or the MSPB, nor have they been prevented from doing so by the agency. Instead, they filed suit directly in this Court for retirement benefits, even though Congress has assigned review of retirement benefit claims to OPM, the MSPB, and the Court of Appeals for the Federal Circuit. 5 U.S.C. § 8347(b); 5 U.S.C. § 8347(d); 5 U.S.C. § 7703(b). Accordingly, the Court should deny these claims because it does not possess jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 307-0972

February 20, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 20, 2007, a copy of the foregoing "DEFENDANT'S REPLY POST-TRIAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp