IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AGEE, TIMOTHY T., et al.

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

CASE NO: 04-1575C
Judge Wheeler

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE FEE PETITION**

Plaintiffs, Timothy Agee *et al.*, file this Motion for an Enlargement of Time to File Fee Petition to address uncertainty regarding the time period an attorneys' fee petition is required to be filed. The plaintiffs intend to seek attorneys' fees and costs related to this matter. The plaintiffs are currently negotiating a resolution of this matter, inclusive of attorneys' fees and costs, with the Government and are hopeful the matter will be resolved.

The Federal Court of Claims Local Rules state that a petition for attorneys' fees must be filed no later than 30 days after the date of final judgment.

> Unless otherwise provided by statute or order of the court, the motion must be **filed no later than 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G);** must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Federal Court of Claims, Local Rule 54(D)(2). "Final judgment" as defined in 28 U.S.C. §2412(d)(2)(G) ("EAJA") means "a judgment that is final and not appealable." The Supreme Court has held that "[t]he 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).

Although the plaintiffs intend to seek reasonable fees under the Back Pay Act, the Back Pay Act does not have any time limits for filing a fee petition. In an arbitration, it was found that the Back Pay Act confers jurisdiction on arbitrator to consider request for attorney fees filed "within reasonable time after arbitrator's award, which includes backpay remedy, becomes **final and binding**." See Philadelphia Naval Shipyard & Philadelphia Metal Trades Council (1988) 32 FLRA No. 63 (emphasis supplied). Thus, it appears that the Federal Court of Claims Local Rule would control the timing to seek fees under the Back Pay Act, and that a fee petition must be filed 30 days after a "final judgment."

The Judgment entered in the Agee Case on September 28, 2007 provides that the parties have 60 days to appeal the Judgment. Thus, it does not appear to be a "final judgment" and it appears that a fee petition under the Back Pay Act is required to be filed within thirty days of the date the judgment is final, i.e., 90 days from September 28, 2007 (60 days for the time to appeal and 30 days pursuant to Rule 54(D)(2)).

Out of an abundance of caution that the plaintiffs' understanding of the Local Rules is incorrect and the fee petition is required to be filed within thirty days of the Court's Sept. 28, 2007 Judgment, however, the plaintiffs request an enlargement of time to file a fee petition of sixty days, up to and including December 26, 2007, to continue settlement negotiations.

Respectfully submitted,

Dated: October 26, 2007 ____s/David Ricksecker___

David Ricksecker
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

**CERTIFICATE OF SERVICE**

This to certify that a true and accurate copy of the foregoing Plaintiffs' Motion for Enlargement of Time to File Fee Petition has been served via ECF and first-class mail, on this 26nd day of October, 2007 to the following counsel for the defendant:

Roger Hipp
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530

s/David Ricksecker
David Ricksecker