IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | CASE NO: 04-1575C<br>Judge Wheeler |

**PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES COSTS, AND EXPENSES**

Plaintiffs Timothy T. Agee, *et al*., respectfully move this Court for $185,619.36 under the updated Laffey matrix, or $144,506.86 under the original Laffey matrix rates in reasonable attorney's fees, costs and other expenses as the prevailing party in this matter.

1. The Court found that plaintiffs are entitled to remote worksite allowance for the days that they actually worked on the seventh day of their tour of duty. The plaintiffs were awarded $25,883.93 for the unpaid remote work-site allowance and $12,300.72 for Back Pay Act interest for the unpaid remote work-site allowance. See Judgment, September 28, 2007.

2. The Court also awarded plaintiffs additional annual and sick leave for the 168 hour tour of duty. This amounted to $68,316.73 for annual leave lump sums for firefighters who have separated from Federal service and $13,985.75 for Back Pay Act interest for annual leave lump sums for firefighters who have separated from Federal service. It also resulted in 4,399 hours of annual leave and 2,199 hours of sick leave to be credited to the plaintiffs who remain in federal service. See Judgment, September 28, 2007.

3. The Court found that Federal Employment Group Life Insurance (FEGLI) distributions should have been recalculated based on the 168 hour tour of duty. This resulted in $60,598.88 in FEGLI damages. See Judgment, September 28, 2007.

4. The Court made findings of fact regarding the retirement benefit claims, but found it did not have jurisdiction to order recalculations.

5. The Court found that the remote worksite allowance was not required to be included when calculating overtime, and also that although the fire fighters worked a 168 hour tour of duty, the fire fighters were not entitled to compensation for that seventh day unless they actually worked that seventh day.

6. As the prevailing party, the Plaintiffs are requesting the total of the fees for legal services actually performed and out-of-pocket costs actually incurred by the prevailing plaintiffs in support of this action in the amount of $144,406.86 under the Laffey matrix, or $185,619.36 under the updated Laffey matrix rates under the Back Pay Act, U.S.C. 5596(b)(1)(A)(i) and/or the Equal Access to Justice Act, 28 USC § 2412, and 28 USC § 1920. An award of reasonable attorneys' fees, costs and expenses is warranted in the interest of justice. This amount includes the 8.6 hours the plaintiffs are seeking for the preparation of this fee petition.

7. The amount of time expended is reasonable, as is the plaintiffs' reliance on the Laffey matrix rate for the hourly market rate.

Respectfully submitted,

Dated: April 4, 2008 s/David Ricksecker

David Ricksecker
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

**CERTIFICATE OF SERVICE**

This to certify that a true and accurate copy of the foregoing Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Expenses, and accompanying Memorandum and Declaration has been served via ECF and first-class mail, on this 4th day of April, 2008 to the following counsel for the defendant:

Roger Hipp
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530

s/David Ricksecker
David Ricksecker