IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AGEE, TIMOTHY T., et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 04-1575C |
| | ) | Judge Wheeler |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| ________________________________ | ) | |

**DECLARATION OF ATTORNEY DAVID RICKSECKER**

I, David Ricksecker, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury, that the following representations contained in this Declaration are true and correct:

1. I am attorney for the law firm of Woodley & McGillivary and acted as lead counsel representing the plaintiffs in this civil action. As a result, I am familiar with the services performed and expenses incurred on behalf of the plaintiffs. I have examined the records maintained by this firm on a contemporaneous basis regarding legal services and hours of work, as well as actual expenses incurred.

1. I am a 2001 graduate of the University of Iowa, College of Law where I served as a Managing Editor of the University of Iowa Law Review. I am a member of the Bar in both the Commonwealth of Virginia (2001) and District of Columbia (2004). I am also a member of the United States Court of Federal Claims.

2. From March 2002 to March 2003, I was an attorney with the Sheet Metal Workers National Pension Fund in Alexandria, VA. I joined this law firm as an associate attorney in March 2003. The firm specializes in representing private and public sector

employees, including federal sector employees, in litigation matters involving labor-management relations, the Back Pay Act, and Fair Labor Standards Act.

3. In the last five years, among other things, I have specialized in employee pay cases arising under Title 5 and the Fair Labor Standards Act (FLSA). During the last five years I have participated in the successful litigation of over fifteen Title 5 and FLSA suits on behalf of federal employees in various proceedings throughout the country. I have also participated in numerous fire fighter back pay cases.

4. A detailed list of hours and services actually performed by me as plaintiffs' lead counsel in this case is attached hereto as Exhibit A. The recording of time and services was done on a contemporaneous basis, and that information has been accurately detailed in Exhibit A. As also shown in Exhibit A, hours were contemporaneously recorded on a tenth of an hour basis.

5. All of the time and expenses set forth in this declaration have been, in fact, necessarily and reasonably expended on behalf of the plaintiffs in this action. The time and expenses include conducting several depositions, preparing pre- and post- trial briefing, engaging in extensive settlement negotiations, performing significant backpay calculations and litigating a trial.

6. Our firm currently has a total of fourteen attorneys and, for that reason, must carefully monitor the amount of time required by existing cases in determining whether to accept or pursue other matters. This case required substantial time and effort, including 414 hours of my services. This precluded me, and the other attorneys who worked on this case, from performing other available fee-generating work during the

relevant period of time; this was a factor considered by our firm in deciding what fee-generating cases and other matters it could, and could not, pursue during this time frame.

8. Attorney Thomas Woodley is the head partner in the firm during this litigation. He performed the initial investigation of the claims and preparation of the case at the early stages, as well as provided significant review of the case throughout. He is a 1972 graduate of Georgetown University Law School, and has worked at the present firm since 1976. Prior to coming to the firm, Mr. Woodley worked for two years at the National Labor Relations Board, and clerked for one year at the United States District Court of the District of Columbia. He currently serves as general counsel for the International Association of Fire Fighters.

9. A detailed list of hours and services actually performed by Mr. Woodley in this case is attached hereto as Exhibit A. The recording of her time and services was done on a contemporaneous basis, and that information has been accurately detailed in Exhibit A. Mr. Woodley spent a total of 47.1 hours in this case.

10. Attorney Gregory McGillivary was a named partner in the firm during this litigation. He performed assistance regarding analysis of the back pay claims and briefs. He is a 1983 graduate of University of Oregon School of Law, and has worked at the present firm since 1985. Prior to coming to the firm, Mr. McGillivary worked for two years at the Federal Labor Relations Authority. He has successfully represented federal employees in Backpay Act and FLSA cases in over one hundred cases.

11. A detailed list of hours and services actually performed by Mr. McGillivary in this case is attached hereto as Exhibit A. The recording of his time and services was

done on a contemporaneous basis, and that information has been accurately detailed in Exhibit A. Mr. McGillivary spent a total of 5.1 hours in this case.

12. Attorney Douglas Steele is a partner in the firm during this litigation. He performed assistance regarding analysis of the back pay claims. He is a 1989 graduate of Syracuse University School of Law, and has worked at the present firm since 1993. Prior to coming to the firm, Mr. Steele represent labor organizations for four years in New York.

13. A detailed list of hours and services actually performed by Mr. Steele in this case is attached hereto as Exhibit A. The recording of his time and services was done on a contemporaneous basis, and that information has been accurately detailed in Exhibit A. Mr. Steele spent a total of 5.7 hours in this case.

14. Keith Nickerson is the litigation director of the law firm since 2005. He worked as a paralegal for the law firm from 1989 to 1999. He worked as a Trade Analyst for the U.S. Department of Commerce from 2002-2005. He has a Masters of Business Administration from the University of Maryland (2001). A detailed list of hours and services actually performed by Mr. Nickerson is attached hereto as Exhibit A. The recording of his time and services was done on a contemporaneous basis, and that information has been accurately detailed in Exhibit A. Mr. Nickerson spent a total of 58.6 hours in this case.

15. Victoria Kurak was a paralegal with the firm for two years. A detailed list of hours and services actually performed by Ms. Kurak is attached hereto as Exhibit A. The recording of her time and services was done on a contemporaneous basis, and that

information has been accurately detailed in Exhibit A. Ms. Kurak spent a total of 28 hours in this case.

16. I also spent 8.6 hours preparing this fee motion, memorandum and declaration. This amount is not included in Exhibit A.

17. A summary of the hours of work and fees charged by this firm is set forth in Exhibit A. Having spent 558.4 hours on this case, the total chargeable fees to date for my services and those of Mr. Woodley, Mr. McGillivary, Mr. Steele, Mr. Nickerson and Ms.Kurak, in this action under the Laffey Matrix rates are $132,150.50. The time spent preparing this fee motion, memorandum and declaration amounts to $2,193.00 under the Laffey matrix rates. Thus the total under the Laffey matrix would be $134,343.50. Under the updated Laffey Matrix rates, the fees would be $175,456.00.

18. The hourly fees charged by the attorneys and paralegals working on this case are our reasonable hourly fees that we charge in cases such as this one. The fees charged are based on the "Laffey Matrix" which is the matrix of hourly rates for attorneys of varying experience levels and paralegals that was prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recovery attorneys' fees. The matrix is based on the hourly rates allowed by the District Court in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 353 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The Laffey Matrix and an explanation of the hourly rates used in that matrix are attached as Exhibit B to this Declaration. An updated Laffey Matrix chart is also attached as Exhibit C.

19. The total out-of-pocket costs and litigation expenses actually and necessarily incurred in this action by the firm of Woodley & McGillivary to date are $10,163.36. These expenses are itemized and accurately set forth Exhibit A.

20. Accordingly, the total of the fees for legal services actually performed and out-of-pocket costs actually incurred by the prevailing plaintiffs in support of this action are $144,406.86 under the Laffey matrix, or $185,619.36 under the updated Laffey matrix rates.

21. We have consistently and continuously had a professional, cooperative and effective relationship with the plaintiffs in this case.

22. The law firm of Woodley & McGillivary has received hourly fee and cost awards through settlement and through court orders in FLSA cases against the federal government and other public entities in amounts that greatly exceed what grievants are seeking here. In addition, we have received Laffey matrix rates in our cases against the federal government. For example, the firm has recovered Laffey Matrix fees in the following FLSA cases against the federal government: Amatucci v. U.S., No. 97-6606, U.S. Court of Federal Claims (Judge Bush)(Settlement 1/13/03); Bow v. U.S., Case No. 95-723C, U.S. Court of Federal Claims (Judge Bruggink)(Settlement 8/6/01); Chang v. U.S., Case No. 99-1012C, U.S. Court of Federal Claims (Judge Smith)(Settlement 1/22/03); Cui v. U.S., No. 00399C, U.S. Court of Federal Claims Case (Judge Bruggink) (Settlement dated 7/8/03). David Bernard v. United States, Case No: 04-656C, U.S. Court of Federal Claims(Judge Wolski)(settlement date 7/15/05); Dennis Ilko v. United States, Case No: 03-2798C, U.S. Court of Federal Claims(Judge Hewitt)(settlement date 2/23/05); Jesus Alvarez, et al. v. United States, Case No: 06-779C, Court of Federal

Claims (Judge Firestone); Anthony Bush, et al. v. United States, Case No. 05-1021C, U.S. Court of Federal Claims (Judge Damich); Gary Nolan, et al. v. United States, Case No. 05-1185C, U.S. Court of Federal Claims (Judge Williams); and Steven Stockman, et al., v. United States, Case No. 04 -1531C, U.S. Court of Federal Claims (Judge Miller). This is just a sampling of the FLSA cases in which the firm has recovered Laffey Matrix market rates.

I declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct.

s/David Ricksecker

Dated: April 4, 2008 David Ricksecker